IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00281-CV

 

Junior Ray Brown,

                                                                                    Appellant

 v.

 

Deborah D. Robinson,

                                                                                    Appellee

 

 

 



From the 87th District
Court

Freestone County, Texas

Trial Court No. 08-276-B

 



MEMORANDUM  Opinion



 

Junior Ray Brown appeals the trial
court’s dismissal of his civil suit.  Brown, a prison inmate at the Boyd Unit
in Teague, sued Deborah D. Robinson, the head of the Boyd Unit’s law library,
for immediate injunctive relief under the Eighth Amendment’s provision against
cruel and unusual punishment.  Brown’s claim centers on Robinson’s rule that
any inmate in the library has a set time during his appointed library session
to use the restroom, and if an inmate goes to the restroom before the set time,
that inmate cannot finish his appointed library session.  

            On the day after Brown’s
suit was filed, the trial court signed an order of dismissal without prejudice,
finding that Brown “failed to comply with any provisions set forth in Chapter
14” of the Texas Civil Practices and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann.
ch. 14 (Vernon 2002).  Robinson was not served with citation and Brown’s
petition, nor did she make an appearance.

            Brown’s brief merely
rephrases his underlying complaint and does not address Chapter 14.[1]

Generally, the dismissal of inmate
litigation under Chapter 14 is reviewed for abuse of discretion.  Brewer v.
Simental, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.).  A prison
inmate who files suit in a Texas state court pro se and who seeks to proceed in
forma pauperis must comply with the procedural requirements set forth in
Chapter 14 of the Civil Practice and Remedies Code.  Id. at 767 (citing Tex. Civ. Prac. & Rem. Code Ann.
§§ 14.002(a), 14.004, 14.005 (Vernon 2002)).  Failure to fulfill those procedural
requirements will result in dismissal of an inmate’s suit.  Id.

            Subsection 14.005(a)
mandates that an inmate who files a claim that is subject to the TDCJ grievance
system file an affidavit or unsworn declaration stating the date that his grievance
was filed and the date that he received the written grievance decision.  Id.
at 768 (citing Tex. Civ. Prac. &
Rem. Code Ann. § 14.005(a)(1)).  The subsection also mandates the filing
of a copy of the written grievance decision.  Id. (citing Tex. Civ. Prac. & Rem. Code Ann. §
14.005(a)(2)).  If an inmate does not strictly comply with subsection 14.005(a),
a trial court does not abuse its discretion in dismissing the claim.  Id.


Brown did not file an affidavit or
unsworn declaration in compliance with subsection 14.005(a).  Accordingly, the
trial court did not abuse its discretion in dismissing Brown’s suit.  We affirm
the trial court’s dismissal order.

 

 

REX D. DAVIS

Justice

            

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed July 21, 2010

[CV06]









[1] Brown’s brief is inadequate in numerous
respects.  See Tex. R. App. P. 38.1. 
Under Rule 2, we will suspend Rule 38.1’s requirements and will address his
appeal to expedite its disposition.  See Tex. R. App. P. 2.